**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 99-4763

SAMUEL WRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-98-411)

Submitted: May 31, 2000

Decided: July 18, 2000

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John G. Lafratta, COWAN, NORTH & LAFRATTA, L.L.P., Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Stephen W. Miller, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Samuel Wright was convicted pursuant to his guilty pleas of possession with intent to distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking crime. On appeal, Wright alleges that the district court erred by denying his motions to suppress evidence seized during a search of his apartment, to suppress statements he made to police officers following his arrest, and to dismiss the charges against him due to prosecutorial misconduct.[1] Wright also alleges that his counsel rendered ineffective assistance. Finding no reversible error, we affirm.

During the course of their investigation of Wright, Richmond police received information from an informant that Wright was distributing drugs from his apartment. According to the affidavit in support of the search warrant, the informant had personally witnessed Wright exit his apartment with drugs, exchange the drugs for money, and return to his apartment for more drugs. Police officers obtained a search warrant and apprehended Wright outside his apartment. Officers seized drugs and a firearm during their search of the apartment, and Wright made several incriminating statements following his arrest.

Wright alleges on appeal that the search warrant was not supported by probable cause. We accord "great deference" to the magistrate judge's assessment of the facts when making a probable cause determination. See Illinois v. Gates, 462 U.S. 213, 236 (1983); United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). Our inquiry is limited to whether there was a substantial basis for the magistrate judge's conclusion that probable cause existed. See Blackwood, 913 F.2d at 142. There are no bright-line rules for making this determination; rather the magistrate judge must use common sense in deciding whether there is a fair probability that the evidence sought will be found in the place to be searched. Id.

_____

[1] Wright reserved the right to challenge the court's denial of his motions in his plea agreement.

2

In the present case, we find that the district court conducted a proper inquiry and correctly found that there was a substantial basis for the magistrate judge's probable cause determination. The affidavit in support of the search warrant clearly stated that the informant was reliable[2] and that the information was based on the informant's personal observations. In addition, officers observed Wright act consistently with the informant's information.

Wright next alleges that the district court should have suppressed all statements he made to police after his arrest because he was not advised of his rights and the officers coerced him into making incriminating statements. Contrary to Wright's testimony at the suppression hearing, two officers testified that Wright was advised of his rights, that he was very cooperative, and that they did not threaten him in any way. After reviewing the district court's findings of fact concerning the circumstances of the incriminating statements for clear error and its finding of voluntariness de novo, see United States v. Braxton, 112 F.3d 777, 781 (4th Cir. 1997) (en banc), we find this contention to be without merit.

We likewise reject Wright's claim that the case against him should have been dismissed due to prosecutorial misconduct. The record shows that Wright brought an exculpatory affidavit to his initial appearance. He admitted that he thought the appearance was for a bond hearing and that he gave the affidavit to a federal agent and the prosecutor in the hope that it would help him receive a lower bond. Wright claims that he was prejudiced when the agent and prosecutor made a copy of the affidavit.[3] We find this claim frivolous. Not only does Wright fail to show how he was prejudiced, but, as the district court noted, the record clearly shows that he voluntarily gave the Government a copy of the affidavit.

_____

[2] We reject Wright's contention that the informant was not reliable because none of the information he/she had given in the past had led to a conviction. This fact alone is not dispositive. Nevertheless, the officer in charge of the investigation testified that the previous cases had simply not come up for trial at the time the present warrant was executed, but convictions had been obtained by the time of Wright's trial.

[3] It is undisputed that the originals were promptly returned to Wright.

Finally, we review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. See id.

In the present case, Wright alleges that counsel rendered ineffective assistance by failing to subpoena witnesses in support of his motions, misadvising him about the possible maximum penalty he faced, and improperly advising him to plead guilty to the firearms charge. Wright's first two claims are clearly best left for a habeas proceeding, where counsel will have the opportunity to respond. We find nothing in the record which conclusively shows that counsel acted improperly.

Wright's remaining claim misinterprets the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). While Wright is correct that there is insufficient evidence to show that he used or carried a firearm, he was not charged under this portion of the statute.[4] Rather, Wright was charged under the portion that prohibits possession of a firearm in furtherance of a drug trafficking crime. Properly developed, evidence that a firearm was found in close proximity to a supply of drugs could support a conviction under this portion of the statute. As a result, we do not find counsel's advice glaringly deficient.

We therefore affirm Wright's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
**4** See 18 U.S.C.A. § 924(c) (West Supp. 1999).

4